IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DALLAS RAY WHITE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:06-CV-258-WKW |
| | ) [WO] |
| | ) |
| CITY OF MONTGOMERY, et al., | ) |
| | ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

In this 42 U.S.C. § 1983 action, Dallas Ray White ["White"], a county inmate, asserts that the City of Montgomery, Montgomery County, the State of Alabama and the United States District Court for the Middle District of Alabama have refused to assist him in terminating scientific experiments on his body.

Upon review of the complaint, the court concludes that dismissal of this case prior to service of process is proper under 28 U.S.C. § 1915(e)(2)(B)(i).[1]

**DISCUSSION**

White complains that the defendants have failed to intervene on his behalf with

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

respect to his being utilized as a "government experiment." *Plaintiff's Complaint* at 1. The following recitation of facts, although not exhaustive, is representative of the bizarre nature of White's complaint.

> First I would like to say I am an government experiment. That I have been mistreated they choke me around the neck with magnets. I have OnStar global techno [through which] I've been tortured [and subjected to] ... mental cruelty.... [T]hese tact[ics] cause my body to ache all over it makes me miserable and restless.... I use dope to cope [but] no one's above the law. [I] am asking the courts to reward me a sue also pay for punish damages [because] they use me as a spy to monitor the boarders national security ecetera for my services nothing. Am not on the payroll and their wealthy but [I] am poor so I'll sue for my portion of the cut its been 38 yrs. and nothing to show for my work ... [I]n government experiment they use me to the point its stressful. I tell them to cut power down it hurts they ignore [me because] its all about what they want ...

*Plaintiff's Complaint* at 1.

This court shall dismiss an *in forma pauperis* complaint "if the court determines that . . . the action . . . is frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i); *see also*, *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).[2] This section gives a federal district court "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327. Examples of such claims are those that describe "fantastic or delusional scenarios." *Id*. at

---

[2] 2. Although *Neitzke* interpreted 28 U.S.C. § 1915(d), the predecessor to § 1915(e)(2), the analysis contained therein remains applicable to the directives of the present statute.

328.

After carefully reviewing this complaint, the court concludes, without any hesitation, that the facts alleged by the plaintiff rise to the level of the irrational and reflect the ramblings of a troubled and delusional man. The allegations made by White are a paradigm of those claims which should be subject to dismissal for frivolousness as they are truly fantastic and wholly incredible. In light of the foregoing, the court concludes that the instant complaint is due to be summarily dismissed pursuant to the directives of 28 U.S.C. § 1915(e)(2)(B)(i). *Denton v Hernandez*, 504 U.S. 25 (1992); *Neitzke, supra*.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed with prejudice as delusional in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

It is further

ORDERED that on or before April 7, 2006 the parties may file objections to this Recommendation. Any objections filed must clearly identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the

Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 27th day of March, 2006.

/s/ Vanzetta Penn McPherson
UNITED STATES MAGISTRATE JUDGE